HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ORCHARD TERRACE ESTATES, LLC, | No. 12-CV-5579 RBL |
| Plaintiffs, | ORDER TO REMAND |
| v. | |
| SHANE HANNAMAN; LORIANN HANNAMAN, and ALL OCCUPANTS OF THE PREMISES LOCATED AT 11304 225TH AVENUE COURT EAST, BUCKLEY, WA. 98321 | |
| Defendants. | |

**NOTICE OF REMOVAL**

Defendants seek to remove this case, apparently concerning the foreclosure of their property, from Pierce County Superior Court based on their counterclaims under the Truth-in-Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"). *See* Defs.' Notice of Removal at 3. Because Defendants manifestly lack grounds for removal, the Court orders remand *sua sponte*.

Defendants appear involved in some sort of foreclosure-related litigation. They assert that this Court has jurisdiction for four reasons: (1) because they "cancelled any legal relationship" with US Bank (whose involvement is not fully explained); (2) because Washington State judges "hold[] prejudicial interest in bank product" [sic] through their retirement system (and are therefore biased against Defendants); (3) because the U.S. Treasury "bailed out" the

banking system, "Defendant's home is paid for"; and (4) because Defendants assert federal counterclaims. *See* Defs.' Notice of Removal at 2–4.

Defendants' first, second, and third bases for removal are entirely irrelevant and provide no grounds to invoke federal jurisdiction. The arguments are so patently absurd that the Court cannot further respond.

Defendants' fourth argument is foreclosed by the well-pleaded complaint rule. Federal jurisdiction exists "only when a federal question is presented on the fact of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### DEFENDANTS' VOLUMINOUS FILING

Apart from the question of removability, Defendants have filed an unpaginated Notice of Removal approximately 8 inches thick, possibly more than a 1,000 pages long. The filing is filled with legal opinions whose relevance is unexplained, as well as lengthy treatise excerpts. *See* Defs.' Notice of Removal at Inch 5 ("A Primer on Money"). The document is absurd in its length, and the Court will not burden the administrative staff with hours of scanning these pages into the electronic docketing system. The Court directs that only the Notice of Removal and the proposed Complaint itself be entered. If Defendants wish to include further documents, they must digitize them, and upload the documents directly.

### CONCLUSION

For the reasons stated above, the case is remanded to Pierce County Superior Court and **DISMISSED** with prejudice.

Dated this 3rd day of July 2012.

Ronald B. Leighton
United States District Judge